```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :     ORDER
                                  :
     -v.-                         :     17 Cr. 123 (LAP)
                                  :
KASAN NOBLE                       :
                                  :
               Defendant.         :
                                  :
                                  :
- - - - - - - - - - - - - - - - - x
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Noble's request that his letter be construed as notice of appeal and his request for copies of certain documents (dkt. no. 791).

Background

Mr. Noble pled guilty and waived his right to appeal (Dkt. no. 303 at 6). At sentencing, defense counsel said, "Your Honor, if my client directs me, I will file a notice of appeal on his behalf." (Doc. 710 at 18.) The record does not indicate whether or not Noble asked his attorney to do so. The judgment of conviction was entered on May 9, 2019.

Mr. Noble filed a motion for transcripts on October 29, 2019 (dkt. no. 760). In that motion, he asserts that his attorney did not file a notice of appeal on his behalf, even though he (Noble) asked him to. See Garza v. Idaho, 139 S. Ct. 738, 747 (2019) ("So long as a defendant can show that 'counsel's constitutionally

1

deficient performance deprive[d] him of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.'") (citing Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000)).

In a letter to the Court dated January 13, 2020 (dkt. no. 791), Noble states that he knows that his deadline for filing a motion under 28 U.S.C. Sec. 2255 motion is approaching. He asks that the letter be construed as a notice of appeal, and he requests copies of the plea and sentencing minutes, the plea agreement, and a docket sheet. Noble claims without being specific that he needs those documents to prepare his appeal and Sec. 2255 motion and that he has tried without success to obtain them from his attorney.

Discussion

Mr. Noble is not entitled to free documents to prepare either an appeal or a Sec. 2255 motion. He may renew his request once he has a matter pending and can show a need for the material. *See* 28 U.S.C. Sec. 753 (requiring an indigent prisoner to make a showing to the District Court that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented"); U.S. v. Horvath, 157 F.3d 131, 132-33 (2d Cir. 1998) ("We hold that a motion seeking transcripts pursuant to § 753(f) in relation to a contemplated § 2255 motion is not ripe until the § 2255 motion has been filed."); Crossley v. United States, 538 F.2d 508, 509

(2d Cir. 1976) ("naked allegation" of need for transcripts to prepare for § 2255 motion was insufficient). The Court denies Mr. Noble's request for case documents without prejudice to renewal at a later date and directs the Clerk's Office to send him a docket sheet.

Mr. Noble is within his time to file a Sec. 2255 motion, and the Supreme Court has held that a Sec. 2255 motion is the preferred method for raising an ineffective assistance of counsel claim. See United States v. Wright, 945 F.3d 677, 682 (2d Cir. 2019) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.") (citing Massaro v. United States, 538 U.S. 500, 504 (2003)). Accordingly, Mr. Noble shall timely file a Sec. 2255 motion, after which he may renew his request for documents at court expense. In the motion, Noble may raise his claim that his attorney failed to file a notice of appeal after Noble asked him to do so. See, e.g., Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (noting that "trial counsel's failure to file a *requested* appeal constitutes an independent ground for habeas relief") (emphasis added).

Noble asks that his January 10, 2020 letter be construed as a notice of appeal, but it would be untimely under Fed. R. App. Pr. 4(b)(1)(A) (notice of appeal in a criminal case must be filed

3

within 14 days of the entry of the judgment). Rule 4(b) is not jurisdictional, but when "the government properly objects to the untimeliness of a defendant's criminal appeal, [it] is mandatory and inflexible." United States v. Frias, 521 F.3d 229, 234 (2d Cir. 2008). Accordingly, Mr. Noble's request to construe his letter as a notice of appeal is denied.

Conclusion

Mr. Noble shall file a timely Sec. 2255 motion.

The Clerk of the Court shall mark motions 760 and 791 denied.

The Clerk of the Court shall send Mr. Noble a copy of this order and a copy of the docket sheet.

SO ORDERED.

Dated:   New York, New York
         January 30, 2020

*Loretta A. Presley*
LORETTA A. PRESKA
Senior United States District Judge